## In re RICHLAWN TURF FARMS, INC., Debtor.

## RICHLAWN TURF FARMS, INC., Plaintiff,

### v.

## The UNITED STATES of America DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, Defendant.

### Bankruptcy No. 81 B 04249 Mc. Adv. No. 82 C 0291.

United States Bankruptcy Court, D. Colorado.

July 21, 1982.

John J. Flynn, Jr., Inman & Flynn P.C., Denver, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., Denver, Colo., for defendant.

FINDINGS, CONCLUSION AND ORDER ON OBJECTION TO ALLOWANCE OF CLAIM AND COMPLAINT TO RECOVER OVERPAYMENT

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is an objection to the allowance of a claim and complaint to recover overpayment. A trial was held on May 19, 1982, at which Robert D. Inman and John J. Flynn, Jr., represented the debtor-plaintiff, Richlawn Turf Farms,

Inc. (Richlawn), and Marshall I. Whitley represented the defendant, the Department of Treasury and Internal Revenue Service (IRS).

The facts of this case are not disputed. The legal issue to be decided is whether the plaintiff is liable for failing to withhold federal unemployment taxes (FUTA), Social Security Taxes (FICA), and income withholding taxes from certain of its employees during 1974–1976. These taxes are withheld from a worker's wages unless the particular service performed by the worker is exempt from taxation or withholding. Agricultural labor, as defined in 26 U.S.C. § 3121(g), is exempt from FICA, FUTA, and income withholding taxes pursuant to 26 U.S.C. §§ 3121(a)(8)(A), 3306(c)(1), and 3401(a)(2). The plaintiff contends that the employees in question were agricultural workers and, consequently, it was exempt from withholding these taxes. The defendant does not accept the contention that these workers were agricultural labor.

The facts are as follows. Richlawn grows sod to be installed as lawns. Richlawn markets its sod in three ways: (1) directly to homeowners who install their own sod, (2) to landscapers, and (3) by having its own crews install the sod on the customers' premises. The matter before the Court involves only the third marketing category. During the years in question, Richlawn itself installed approximately two-thirds of the sod it sold. When Richlawn's own crews install sod, two classes of workers are involved which are known as graders, who level the ground, and installers, who actually lay the sod. During Richlawn's peak season, the graders and installers worked almost exclusively away from the sod farm.

In 1979, the IRS audited the plaintiff and determined that the employees involved in the installation of sod during the peak installation months were not agricultural workers. Accordingly, a tax delinquency of $238,643.23 was assessed against the plaintiff for failure to withhold the appropriate taxes from these employees. On July 22, 1981, the defendant filed notice of a federal tax lien and on September 2, 1981, the defendant levied against the bank accounts of the plaintiff and seized $91,819.09. On October 13, 1981, the plaintiff filed a claim for refund of the seized funds but this claim was disallowed on January 6, 1982. On September 2, 1981—the same day the defendant levied upon the plaintiff's bank accounts—the plaintiff filed a Chapter 11 bankruptcy proceeding. On September 15, 1981, the defendant filed a claim in that proceeding for $262,229.62. An amended proof of claim for $161,192.76 was filed on May 21, 1982.

■ The issue before this Court involves only the status of the plaintiff's graders and installers during the months of 1974–1976 that they worked off the sod farm more than half the time. The plaintiff contends that although these employees were not engaged in work on the sod farm during these months, their services were incidental to the sod farming operation and, therefore, their services constituted agricultural labor. The IRS, on the other hand, contends that the graders and installers during the peak installation months were not entitled to the agricultural worker exemption because they were performing a service more akin to landscaping. Landscaping services are not exempt from withholding taxes. *See* 26 C.F.R. § 31.3121(g)–1(a). Therefore, the IRS argues that the plaintiff should have withheld FICA, FUTA and income withholding taxes for the graders and installers during the peak months in 1974–1976.

There was much argument at trial concerning whether or not the work performed by the installers and graders was incidental to the farming operation. Revenue Regulation 31.3306(k)–1(e) (26 CFR § 31.3306) was the focus of these arguments. Upon review, the Court finds that these regulations were written prior to the current definition of agricultural labor under 26 U.S.C. § 3306. In 1970, the definition of agricultural labor under Section 3306 was amended so that the term is now defined by a reference to 26 U.S.C. § 3121(g). This amendment eliminated the "as an incident to ordinary farming operations" language of old

Section 3306(k)(4). Therefore, the Court finds that the discussion of this language in the revenue regulations is irrelevant.

■ The plaintiff also asks the Court to apply the definition of agriculture as it is defined in the labor regulations pursuant to the Fair Labor Standards Act. In 1967 Richlawn contacted the Department of Labor regarding the status of some of its workers. Although Richlawn's inquiry letter of March 7, 1967, is not in evidence, the Labor Department's reply relates to whether Richlawn's workers are exempt from minimum wages. The interpretive bulletin discussed in the Labor Department reply to Richlawn is now Labor Regulation 780.206 (29 C.F.R. 780.206); therefore, the plaintiff asks the Court to apply this definition of agriculture to the facts of this case. The definition of agriculture under the Fair Standards Act and its applicable regulations has nothing to do with the issue of withholding tax exemptions pursuant to the Internal Revenue Code. Consequently, neither the labor regulations nor a Labor Department determination regarding the status of Richlawn's workers is binding upon the Internal Revenue Service.

The plaintiff's reliance on the definitions of what constitutes agriculture under the Colorado Nursery Act (Colo.Rev.Stat. 35–26–101 et seq. (1973)) also is misplaced. These statutory provisions do not govern this case. Likewise, the defendant's reference to the Social Security Claims Manual is not relevant. The Court will make its decision in this case pursuant to the statutory provisions and regulations of 26 U.S.C. § 3121(g).

Subsections (4)(A) and (C) of Section 3121(g) are the only subsections which are applicable to the facts of the present case. Subsection (A) provides that agricultural labor includes all services performed:

[I]n the employ of the operator of a farm in handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, in its unmanufactured state, any agricultural or horticultural commod-

ity; but only if such operator produces more than half of the commodity with respect to which such service is performed.

Subsection (C) provides:

[T]he provisions of subparagraphs (A) and (B) shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption . . . .

There is no disagreement that Richlawn operates a farm which produces more than half the agricultural commodity (sod) that is installed by Richlawn or that sod constitutes a commodity "in its unmanufactured state . . . ." This is in accord with Revenue Ruling 56–348 which held that cutting, rolling, loading, and delivering sod to the customer was agricultural labor (C.B. 1956–2, 697). Therefore, the only issue to be decided is whether the work performed by Richlawn's graders and installers also is exempt from withholding taxes under Section 3121(g)(4)(A) and (C).

■ The installers lay the sod after the sod has been delivered to the customer's premises. Subparagraph (C) of Section 3121(g) states that subparagraph (A) will not apply in connection with any agricultural commodity after its delivery to a terminal market. The applicable revenue regulation to subparagraph (C) provides that "services described in this paragraph do not include services performed in connection with . . . any commodity after its delivery to a terminal market for distribution for consumption." 26 C.F.R. § 31.3121(g)–1(e)(6). Since the installers lay the sod after it has been delivered to the customers, their work is a service performed in connection with the sod after its delivery to a terminal market. Therefore, the installers are not performing agricultural labor when they install sod.

■ Richlawn's graders prepare the customers' land for the sod installation prior to the delivery of the sod. Nevertheless, none

of the language of Section 3121(g)(4)(A) is applicable to the work performed by the graders in preparing the customers' lawn for the installation of sod. The graders do not work with the sod and, thus, they never grade, handle, plant, or deliver any agricultural commodity. Consequently, the graders are not performing agricultural labor as it is defined by Section 3121 when they prepare the customers' lawns for the installation of sod. If they do happen to handle the sod, it would be after its delivery to the customers' premises and subparagraph (C) of Section 3121(g)(4) would be applicable.

■ Since the Court has determined that the graders and installers' work does not constitute agricultural labor, it must conclude that graders and installers are not entitled to the agricultural worker exemption from withholding taxes during the pay periods when they spend more than 50 percent of their time grading and installing sod. The agricultural labor exemption applies only if the worker performs services that constitute agricultural labor for more than one-half of any pay period. This limitation applies to FICA pursuant to 26 U.S.C. § 3121(c), to FUTA pursuant to 26 U.S.C. § 3306(d), and to income withholding taxes pursuant to 26 U.S.C. § 3402(e). A pay period is defined in all three statutes as a period of not more than 31 days. Accordingly, when the graders and installers spent more than half their time working off the sod farm doing non-agricultural labor during 1974, 1975 and 1976, they were not entitled to the agricultural worker exemptions.

For the foregoing reasons, it is

ORDERED that the objection to the allowance of a claim and complaint to recover overpayment is denied.

FURTHER ORDERED that the parties shall have 10 days from the date this Order becomes final to file a written request for the withdrawal of all exhibits received in evidence, after which time the exhibits will be destroyed by the Deputy Clerk without further order of the Court.